FILED
NOV 1 8 2016
TIMOTHY M. O'BRIEN
By_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHANIE CROYDER )
7660 RAINBOW DR )
PRAIRIE VILLAGE, KS 66208 )
)
v. ) Case No. 2:16-cv-2776-JWL-GLR
)
BRANDON T. PITTENGER )
6900 COLLEGE BLVD SUITE 325 )
OVERLAND PARK, KS 66211 )
)
PITTENGER LAW GROUP, LLC )
6900 COLLEGE BLVD SUITE 325 )
OVERLAND PARK, KS 66211 )
)
GABRIEL T. HINKEBEIN )
6900 COLLEGE BLVD SUITE 325 )
OVERLAND PARK, KS 66211 )

ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION
PRACTICES ACT AND THE KANSAS CONSUMER PROTECTION ACT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NATURE OF ACTION

1. This is an action for statutory damages brought by an individual plaintiff for defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and by the Kansas Consumer Protection Act K.S.A. § 50-623, et seq. (hereinafter "KCPA").

2. Plaintiff seeks to recover monetary damages for defendants' violation of the FDCPA and the KCPA and to have an Order or injunction issued by this Court preventing defendants from continuing their violative behaviors.

3. Service may be made upon defendants in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C.

§ 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts giving rise to Plaintiff's action occurred in Johnson County, Kansas, where Plaintiff resides in Johnson County, Kansas, and/or where Defendants transact business in Johnson County, Kansas.

## PARTIES

6. Plaintiff, Stephanie Croyder ("Plaintiff"), is a natural person residing in Johnson County, Kansas.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and by K.S.A. § 50-624(b).

8. Defendant, Pittenger Law Group, LLC ("Pittenger Law Group"), is a corporation in Johnson County who at all relevant times was engaged, by use of the mails, by use of the court, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

9. Defendant, Pittenger Law Group, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is a "supplier" as defined by K.S.A. § 50-624(l).

10. Defendant, Brandon T. Pittenger, Attorney at Law ("Brandon T. Pittenger), is a natural person and a partner in Pittenger Law Group, who at all relevant times was engaged, by use of the mails, by use of the court, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

11. Defendant, Brandon T. Pittenger, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is a "supplier" as defined by K.S.A. § 50-624(l).

12. Defendant, Gabriel T. Hinkebein, Attorney at Law ("Gabriel T. Hinkebein"), is a natural person and a partner at Pittenger Law Group, who at all relevant times was engaged, by use of the mails, by use of the court, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

13. Defendant, Gabriel T. Hinkebein, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is a "supplier" as defined by K.S.A. § 50-624(l).

14. Plaintiff states that the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

## FACTUAL ALLEGATIONS

15. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

16. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

17. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

18. Plaintiff received a collection notice on or around April 4, 2016 from the Defendant dated

April 1, 2016 stating that he was attempting to collect an alleged balance due on a charge card account #XXXXX05-30 of $12,247.93. See Exhibit A.

20. Plaintiff sent a timely response within 30 days of receipt on April 21, 2016 disputing the alleged debt and demanding Defendant cease and desist from any further collection activities until they validated the alleged debt.

21. Plaintiff received a collection notice on or around April 30, 2016 from the Defendant dated April 26, 2016 stating that he was attempting to collect an alleged balance due on a charge card account #XXXXX05-30 of $12,247.93. See Exhibit B.

22. Plaintiff sent a timely response within 30 days of receipt on May 15, 2016 disputing the alleged debt and demanding Defendant cease and desist from any further collection activities until they validated the alleged debt.

23. Defendant filed a lawsuit on August 22, 2016, against the Plaintiff that was inconsistent with the disclosures required by 15 USC § 1692g(a) et seq.). (15U.S.C. §§ 1692e(10), 1692g(b)) and K.S.A. § 50-623, et seq. Exhibit C.

24. Plaintiff received a collection notice on or around September 13, 2016 from the Defendant dated September 9, 2016 stating that he was attempting to collect an alleged balance due on a charge card account XXXXX05-30 of $12,247.93. See Exhibit D.

25. Plaintiff alleges wrongs are continuing to occur at the present time.

26. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of defendants' violations, defendants are liable to plaintiff for plaintiff's statutory

damages, and costs, fees, and attorney's fees.

## COUNT I

## VIOLATIONS OF THE FDCPA

Plaintiff repeats and re-alleges each and every allegation contained above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 from each defendant;

c) Awarding Plaintiff reasonable attorneys' fees, fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATIONS OF THE KCPA

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Defendants' aforementioned conduct violated the KCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated the KCPA;

b) Awarding Plaintiff statutory damages, pursuant to K.S.A. 50-636, in the amount of $10,000.00 from each defendant;

d) Awarding Plaintiff reasonable attorneys' fees, fees and costs incurred in

this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## DEMAND FOR TRIAL BY JURY

29. Plaintiff is entitled to and hereby demands a trial by jury of all issues so triable as a matter of law. US Const. amend. 7., Fed. R. Civ. Pro. 38.

Done this day, November 18, 2016.

Respectfully submitted,

By: *Stephanie Croyder*
Stephanie Croyder
7660 Rainbow Dr.
Prairie Village, KS 66208
913-999-6574
stephanie.croyder@gmail.com

## PLAINTIFF'S SWORN SIGNATURE

STATE OF KANSAS

COUNTY OF JOHNSON

The below-named person, being duly sworn on his oath, states that he has read the foregoing ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE KANSAS CONSUMER PROTECTION ACT and is true to the best of affiant's knowledge and belief.

By: _____ Signature

Stephanie Croyder, Affiant

The foregoing ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE KANSAS CONSUMER PROTECTION ACT were subscribed and sworn to before me this 18 day of November, 2016.

_____
Notary Public
My Commission expires: 1-2-19



KERRIE S. KING
NOTARY PUBLIC
STATE OF KANSAS

## CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document was sent to the below named parties by first class USPS mail.

Signed November 18, 2016

Stephanie Croyder

PITTENGER LAW GROUP, LLC
6900 College Blvd, Suite 325
Overland Park, KS 66211

BRANDON T PITTENGER
6900 College Blvd, Suite 325
Overland Park, KS 66211

GABRIEL T HINKEBEIN
6900 College Blvd, Suite 325
Overland Park, KS 66211