IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


STEPHANIE CROYDER,

        Plaintiff,


        vs.                               Case No. 16-2776-JTM


BRANDON T. PITTENGER *et al.*,

        Defendants.


MEMORANDUM AND ORDER


Stephanie Croyer alleges that the defendants violated the federal Fair Debt Collection Practices Act (FDCPA) and the Kansas Consumer Protection Act (KCPA) when they brought an action against her in state court to collect on an outstanding credit card debt. The defendants, including Pittenger Law Group (PLG) and individuals associated with the firm, have moved to dismiss the action.

On April 1, 2016, PLG sent Croyder a letter concerning an unpaid credit card debt which had been referred for collection. The letter identified the amount owed, the names of the debtor (Croyder) and the creditor (CommunityAmerica Credit Union), and explained Croyder's FDCPA validation rights. The letter also stated:

> The above debt has been referred to our law office for collection. We hereby demand payment of this debt in an amount due of $12,247.93 as of March 31,

2016. Because interest may continue to accrue on your account after today, please contact this office for the exact payoff amount, or you may send your check for the above amount, and we will notify you of any additional amount due. Please direct all phone calls, payments and inquiries to us, not to the creditor. You may call your account representative, Ricky J. ext 190, locally at (913) 323-4595 or toll free at 1-866-700-4992. Please mail full payment or call us.

## **NOTICE**

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless, within thirty (30) days after receipt of this notice, you dispute the validity of the debt, or any portion thereof, we will assume the debt is valid. If you do not notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment against you, if there is a judgment, and a copy of such verification will be mailed to you by us. Upon your written request within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

On April 25, 2016, PLG received a request for validation and dispute letter from Croyder.

PLG responded by a communication which Croyder received on April 30, 2016 which set forth the name and address of the original creditor as well as a copy of the Credit Card Agreement and sixteen (16) monthly account statements.

On May 15, 2016, Croyder wrote again to PLG. The letter did not dispute any specific portion of the amounts owed.

Croyder failed to make any payment on the debt, and PLG filed suit against Croyder in the District Court of Johnson County, Kansas on August 22, 2016.

In her FDCPA action filed in this court, Croyder argues that the lawsuit violates 15

U.S.C. §§ 1692g(a), 1692e(10), and 1692g(b)). She also alleges the suit violates the Kansas Consumer Protection Act, K.S.A. 50-623.

However, Croyder's Complaint fails to allege any specific facts in support of her claim for relief. She does not allege she suffered any actual damages due to any of the acts of the Defendants, and does not allege that the individual defendants who were personally named in the caption of the Complaint were involved in any alleged misconduct. Indeed, the Complaint fails to mention the individual defendants beyond the case caption and generic lists of party names in the body of the Complaint.

The defendants seek dismissal because the Complaint fails to set forth sufficient factual detail to demonstrate a plausible claim for relief. *See Ashcroft v. Iqbal*, ,129 S. Ct. 1937, 1950 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The *Twombly* and *Iqbal* standards are applicable in cases raising claims under the FDCPA. *See Schroeder v. Kahrs*, No. 6:15-CV-1178-JTM, 2015 WL 5837689 (D. Kan. Oct. 7, 2015); *Webb v. Convergent Outsourcing, Inc.*, No. 2:11-CV-2606-JTM, 2012 WL 162394 (D. Kan. Jan. 19, 2012). The Complaint lacks any factual allegations and relies on bare conclusions that the defendants have somehow violated either the FDCPA or the KCPA.[1]

Croyder has submitted a one page response to the defendants' Motion to Dismiss which merely states that she "believes that her Complaint is not subject to dismissal,"

---

[1] In the alternative, defendants also argue that even if the Complaint were somehow deemed to be nonconclusory in nature, the simple act of filing suit to collect a debt does not violate the FDCPA. *See, e.g., Schroeder*, 2015 WL 5837689 at *3. Because the court agrees the Complaint offers nothing beyond purely conclusory allegations, it need not address defendants' additional argument.

3

observes that because she is not represented by counsel, the court "must hold [her to] a less stringent standard," and asks, if the Complaint is deemed insufficient, Croyder asks that "she be allowed to amend it." (Dkt. 14, at 1). Croyder otherwise provides no response to the defendants' detailed arguments as to the conclusory nature of her Complaint. She does not suggest what additional allegations she would raise in a hypothetical amendment, nor does she attach a copy of such a proposed amended complaint, as required by District of Kansas Rule 15.1(a)(2).

Leave to amend is generally denied absent compliance with Rule 15.1. *See Fuller v. Kansas*, 2017 WL 193168, \* (D. Kan. Jan. 18, 2017). Such a result is appropriate here, not simply as enforcement of a technical rule, but because it goes to the heart of the defendants' argument, that the plaintiff has never presented anything beyond conclusory allegations. The plaintiff has now had three chances — her original Complaint, her Response to the Motion to Dismiss, and in her hypothetical Amended Complaint — to present specific factual allegations which would demonstrate a violation of the FDCPA or KCPA. She has never done so.

Of course, the court construes the pleadings of pro se litigants liberally. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, the court cannot give advice to the plaintiff, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), nor can it advocate on her behalf. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). A party must present specific factual allegations in support of a complaint, whether or not the party is represented by an attorney. *See Woodward v. Hodge,* 2016 WL 4528068, \*2 (D. Kan. Aug.

30, 2016). "[W]hile some allowances are made for *pro se* parties, they must still follow the same rules of procedure that govern other litigants." *Davis v. Bank of America*, 2016 WL 6905887, *2 (D. Kan. Nov. 23, 2016).

IT IS ACCORDINGLY ORDERED this 10th day of February, 2017, that the defendants' Motion to Dismiss (Dkt. 12) is hereby granted.

    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE