IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHANIE CROYDER

      Plaintiff,

      vs.                               Case No. 16-2776-JTM

BRANDON T. PITTINGER, *et al.*,

      Defendants.

MEMORANDUM AND ORDER

On February 10, 2017, the court granted the defendants' motion to dismiss *pro se* plaintiff Stephanie Croyder's action under the Fair Debt Collection Practices Act (FDCPA). Following the dismissal (Dkt. 16) and judgment (Dkt. 17), Croyder moved for reconsideration and filed objections to the court's order. The court hereby denies the motion to reconsider.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party

produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

In responding to the defendant's motion to dismiss, plaintiff filed no formal motion to amend her Complaint, but did attach a copy of a proposed Amended Complaint (Dkt. 14-1) to her Opposition to Defendant's Motion to Dismiss. (Dkt. 14). Croyder presented no explanation for how the Amended Complaint would remedy the conclusory nature of the Complaint, and stated simply that she "believes her Complaint is not subject to dismissal."

Leave to amend may be properly denied where the new pleading would remain subject to dismissal. *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Here, the proposed Amended Complaint, besides removing a claim under the Kansas Consumer Protection Act, merely adds additional conclusory allegations that the debt was not validated, and that the defendant attorneys violated the FDCPA by filing suit without validation and attempting to collect the debt, and were "otherwise deceptive and failed to comply with the provisions of the FDCPA." (Dkt. 14-1, ¶¶ 32, 37).

As noted in the court's previous Order, the plaintiff must present a plausible, not conclusory claim for relief. (Dkt. 16, at 3). The court noted that the defendants had

responded to Croyder's first communication by sending a letter which set forth the name and address of the original creditor as well as a copy of the Credit Card Agreement and sixteen (16) monthly account statements. When Croyder responded on May 15, 2016, she did not dispute any specific portion of the amounts owed. Croyder failed to make any payment on the debt, and defendants filed suit in state court. (*Id*. at 2). The court further observed that the plaintiff:

> fails to allege any specific facts in support of her claim for relief. She does not allege she suffered any actual damages due to any of the acts of the Defendants, and does not allege that the individual defendants who were personally named in the caption of the Complaint were involved in any alleged misconduct. Indeed, the Complaint fails to mention the individual defendants beyond the case caption and generic lists of party names in the body of the Complaint.

(*Id*. at 3).

The proposed Amended Complaint continues to provide formulaic allegations that defendants violated the FDCPA, merely reciting the language of the statute. *See Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1957 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The defendants correctly noted in their motion to dismiss that this court has concluded that filing a lawsuit to collect on a debt is not prohibited by the FDCPA. *See Schroeder v. Kahrs*, No. 15-1178-JTM, 2015 WL 5837689 (D. Kan. Oct. 7, 2015). In neither her initial response to the motion to dismiss nor in her current pleadings has the plaintiff explained why her claims against the defendants should proceed in light of this precedent.

4

IT IS ACCORDINGLY ORDERED this 3rd day of March, 2017, that plaintiff is denied leave to amend (Dkt. 20), plaintiff's Objections (Dkt. 18) are overruled and her Motion for Reconsideration (Dkt. 19) is denied.

s/ J. Thomas Marten
Chief United States District Judge
